**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:24-CR-15 (JMC)** |
| | ) | |
| **DAVID EVAN SMITHER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

David Evan Smither, by and through defense counsel, files this Sentencing Memorandum requesting this Honorable Court to determine a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Mr. Smither respectfully requests this Court impose a one-year term of probation in addition to the agreed upon $500 restitution amount.

In support of this request, Mr. Smither provides the following:

## I. Procedural History

On January 5, 2024, the United States Attorney for the District of Columbia filed a four-count information charging Mr. Smither with entering and remaining in a restricted building in violation of 18 U.S.C. § 1752(a)(1) (Count One); disorderly and disruptive conduct in a restricted building in violation of 18 U.S.C. § 1752(a)(2) (Count Two); disorderly conduct in a capitol building or grounds in violation of 40 U.S.C. § 5104(3)(2)(D) (Count Three); and parading, demonstrating, or picketing in a capitol building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four). PSR at ¶ 1.

Mr. Smither quickly accepted responsibility for his conduct and signed a Plea Agreement as to Counts Three and Four. *Id.* at ¶ 5. Pursuant to the terms of the Plea Agreement, the

Government agrees to move to dismiss the remaining two counts at sentencing. *Id.* at ¶ 62; Doc. 14.

During the pendency of this case, Mr. Smither has remained in full compliance with the terms and conditions of his pre-trial supervision. PSR at ¶ 5.

## I. History and Characteristics of Mr. Smither and the Nature and Circumstances of the Offense

### a. History and Characteristics of Mr. Smither

David Evan Smither, known as Evan, was born on November 9, 1999, in Lexington, Kentucky. *Id.* at ¶ 28. Mr. Smither was raised by his parents, David and Jennifer Smither, in Frankfort, Kentucky, and has remained there for the entirety of his life. *Id.* at ¶ 35. Mr. Smither is an only child and enjoyed a safe and healthy upbringing in a "close-knit" family. *Id.* at ¶¶ 28, 33. He currently lives with his parents, and they continue to be a strong support system for him today. *Id.* at ¶¶ 30–32.

As an adolescent, Mr. Smither was very active in service work through the YMCA. *Id*. at ¶¶ 28, 30. Mr. Smither reports that he attended many service trips—fondly recalling a trip where he, and others, built beds and other furniture on a native reservation. Mr. Smither hopes to continue providing service to his community, in that he recognizes the value of providing a helping hand.

Unlike many that find themselves before this Honorable Court, Mr. Smither does not have any previous criminal justice system involvement. *Id*. at ¶ 22. Mr. Smither is incredibly remorseful for his actions that have brought him before this Court. Mr. Smither is ready to face the consequences of his actions. Mr. Smither, however, is forward looking and hopes that this will be his one and only involvement with the criminal justice system. Mr. Smither likewise does not suffer from any alcohol or substance abuse. *Id.* at ¶¶ 42-44.

Mr. Smither is a hard worker; he is currently in a managerial position at Red Mile Gaming and Racing in Lexington, and he is set to graduate with his associate degree from Blue Grass Community and Technical College in summer 2024. *Id.* at ¶ 50. After graduation Mr. Smither plans to attend the University of Kentucky. *Id.* at ¶ 48. Following the completion of his education, Mr. Smither hopes to continue progressing through the managerial track at Red Mile Gaming and Racing and hopes to become a homeowner.

**a. <u>Nature and Circumstances of the Offense</u>**

On January 6, 2021, members of a large crowd gathered outside the United States Capitol building to protest the certification of the vote count of the Electoral College of the 2020 presidential election. *Id.* at ¶ 8. Certain individuals then began to enter the restricted grounds of the Capitol. *Id.* at ¶ 10. Mr. Smither entered the Senate Wing Corridor of the Capitol building at approximately 3:11:58 p.m. by climbing through a smashed window and stepping over downed furniture. *Id.* at ¶ 14. Mr. Smither appeared to photograph several officers who were facing him, then turned the other way and walked toward the Capitol Crypt. *Id.* He then returned to the Senate Corridor and left the building at 3:25:17 p.m., about 13 minutes after he entered. *Id.*

**II. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>**

Mr. Smither is remorseful and penitent, and quickly took responsibility for his conduct. *Id.* at ¶ 5. A sentence of a one-year term of probation would properly encompass the factors set out in 18 U.S.C. § 3553(a)(2)(A). Such a sentence properly reflects the seriousness of the offense while also considering Mr. Smither's history and characteristics. A sentence of a one-year term of probation would also promote respect for the law and provide for just punishment. Mr. Smither is eager to close this chapter of his life and begin a new one, where he continues to work to better

himself and continue to be a contributing member of society. A sentence of a one-year term of probation would appropriately accomplish the goals set out in 18 U.S.C. § 3553(a)(2)(A).

## III. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from future crimes of Mr. Smither.

Title 18 U.S.C. § 3553(a)(2)(B) instructs the sentencing court to consider deterrence as a factor in determining a sentence that is "reasonable" for a particular offender. Title 18 U.S.C. § 3553(a)(2)(C) further instructs the sentencing court to consider the need to protect the public from any future crimes of Mr. Smither. A sentence of a one-year term of probation will have a strong deterrent effect on him personally. Mr. Smither understands the seriousness of his actions and is ready to submit to the conditions of supervision given to him.

## IV. The need for the sentence imposed to provide Mr. Smither with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

A sentence of a one-year term of probation will allow Mr. Smither to complete his associate degree and graduate from Blue Grass Community and Technical College and subsequently enroll in classes at the University of Kentucky. Moreover, it will allow Mr. Smither to keep his steady employment at Red Mile Gaming and Racing.

**V. The kinds of sentences available, the applicable category of offense committed by Mr. Smither as set forth in the Guidelines, any pertinent policy statements, and the need to avoid unwarranted sentencing disparities among similarly situated defendants.**

The maximum term of imprisonment for Counts Three and Four is six months. PSR at ¶ 59. Mr. Smither is eligible for up to five years' probation. *Id.* at ¶ 67. Mr. Smither respectfully requests a sentence of a one-year term of probation. The United States Sentencing Guidelines are not applicable in this case. *Id.* at ¶ 60, 66, 69.

**VI. The need to provide restitution to any victims of the offense.**

Pursuant to 18 U.S.C. § 3663(a)(3), restitution in the total amount of $500 shall be ordered in this case. *Id.* at ¶ 79. Mr. Smither agreed to this amount of restitution in the Plea Agreement. *Id.* at ¶ 64.

**VII. Conclusion**

In consideration of the foregoing, Mr. Smither respectfully submits that a sentence of a one-year term of probation is sufficient but not greater than necessary to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a). Such a sentence properly addresses Mr. Smither's history and characteristics, the nature and circumstances of the offense, and the need for just punishment.

Respectfully submitted, this 1st day of May, 2024.

FEDERAL DEFENDER SERVICES OF
EASTERN TENNESSEE, INC.

BY: */s/Nakeisha C. Jackson*
Nakeisha C. Jackson
Assistant Federal Defender
TN Bar No. 034290

Federal Defender Services
of Eastern Tennessee, Inc.
800 S. Gay St., Suite 2400
Knoxville, TN 37929
COUNSEL FOR DEFENDANT